UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HAROLD STEPHEN DYKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV1472 HEA |
| | ) | |
| BRIAN MURPHY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights which purportedly occurred during his incarceration in the Missouri Department of Corrections. Plaintiff claims that defendant correctional officers/caseworkers violated his rights under the Eighth Amendment to the United States Constitution when they refused to move him to a cell on the bottom floor of his housing unit after showing them a "medical lay-in."

Plaintiff brought the same or similar allegations against defendants in a prior lawsuit before this Court. See Dykes v. Murphy, 4:09CV1062 HEA (E.D. Mo. 2010). Defendants were granted summary judgment on plaintiff's claims, as a result of plaintiff's failure to exhaust his administrative remedies with respect to his claims. The finding of this Court was recently affirmed by the United States Court of Appeal for the Eighth Circuit. See Dykes v. Murphy, No. 10-2632 (8th Cir. 2011).

Although plaintiff no doubt wishes for a different result, he cannot attempt to relitigate this matter once again. "[A]n issue may not be relitigated in a second lawsuit where that issue had previously been litigated in a prior lawsuit which involved the same cause of action. Furthermore, issues which might have been raised in the first lawsuit may not be raised in a second lawsuit arising out of the same cause of action." Robbins v. District Court of Worth County, Iowa, 592 F.2d 1015, 1017

(8th Cir. 1979). As such, plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to proceed in forma pauperis [Doc. #2 and #7] are **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 28th day of September, 2011.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE